```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Jamarr R. Stone, Sr.,

    Plaintiff,

  v.                                Case No. 2:21-cv-884

Ohio Parole Board, et al.,

    Defendants.

## ORDER

Plaintiff Jamarr R. Stone, Sr., a state inmate proceeding pro se, has filed a motion for leave to proceed in this case in forma pauperis under 28 U.S.C. §1915(a). On March 4, 2021, the magistrate judge issued a report and recommendation noting that over the past six months, plaintiff has recently received $1,937.35 from his family for legal fees and commissary, and that the average monthly deposits into plaintiff's prison trust fund account were $280.00. The magistrate judge found that plaintiff has sufficient assets such that paying the one-time filing fee of $402.00 would not impose an undue hardship upon him or deprive plaintiff of the necessities of life. The magistrate judge recommended that plaintiff's motion be denied. On March 18, 2021, plaintiff filed an objection to the report and recommendation.

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

§636(b)(1).

The magistrate judge correctly noted that an affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself and his dependents of the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., Inc., 335 U.S. 331, 339 (1984). Paying the filing fee must be more than a mere hardship. Foster v. Cuyahoga Dep't of Health & Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). Funds received from sources other than prison income may be considered in determining whether an inmate is financially able to pay a filing fee. See Wilson v. Sargent, 313 F.3d 1315, 1319-20 (11th Cir. 2002)(district court could assess an initial partial filing fee based on the $50 per month sent by family members). The magistrate judge concluded that plaintiff failed to establish that paying the filing fee would cause plaintiff to deprive himself of the necessities of life.

In his objection, plaintiff claims that he withdrew $874.15 from his trust fund for the purpose of paying postage and copy fees in this case, almost half of the $1,937.35 deposited into his account. However, by those calculations, plaintiff still has $1,063.20 of those funds remaining, not counting the other regular deposits to his account. Nothing in plaintiff's objections establishes that payment of the one-time filing fee of $402.00 would cause plaintiff to deprive himself of the necessities of life. The court agrees with the conclusion of the magistrate judge that plaintiff has sufficient funds in his inmate trust account to pay the one-time filing fee of $402.00.

The court adopts the report and recommendation (Doc. 3). Plaintiff's motion for leave to proceed in forma pauperis (Doc. 1)

is denied.  Plaintiff is directed to pay the filing fee of $402.00 within twenty-one days of the date of this order.  Plaintiff is advised that the failure to pay the full fee within twenty-one days will result in the dismissal of this action.

Date: March 22, 2021                         s/James L. Graham
                                            James L. Graham
                                            United States District Judge