IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMARR R. STONE, SR.,**

      **Plaintiff,**

v.

      Civil Action 2:21-cv-884
      Judge James L. Graham
      Magistrate Judge Kimberly A. Jolson

**OHIO PAROLE BOARD, et. al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff Jamarr R. Stone, Sr., an inmate at Trumbull Correctional Institution ("TCI") who is proceeding *pro se*, filed his Complaint on March 2, 2021 (Doc. 1-1), along with a Motion for Leave to Proceed *in forma pauperis* (Doc. 1).  Upon review, the Undersigned determined that paying the filing fee in this matter would not cause Plaintiff to be deprived of the necessities of life, and recommended denying his Motion.  (Doc. 3).  On March 22, 2021, Judge Graham adopted the Undersigned's Report and Recommendation, directing Plaintiff to pay the filing fee or his action would be dismissed.  (Doc. 5 at 3).  Shortly thereafter, Plaintiff paid the full filing fee.  (Doc. 7).

This matter is before the Undersigned on several of Plaintiff's Motions.  First and foremost, the Undersigned conducts the initial screen of Plaintiff's Complaint (Doc. 1-2) pursuant to 28 U.S.C. § 1915A.  Thereafter, she addresses Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2), and his Motion Requesting Summons of Complaint (Doc. 8). Having preformed the initial screen, the Undersigned **RECOMMENDS** Plaintiff be permitted to proceed with his claims against Defendants Chambers-Smith, Eppinger, Franklin, Jennings and Cimmento.  Plaintiff is, however, **ORDERED** to file an amended Complaint, within **twenty-one**

**(21) days** of the date of this Report and Recommendation, that more specifically sets forth factual allegations supporting his claims against these Defendants. For the reasons that follow, however, the Undersigned **RECOMMENDS** all remaining Defendants in Plaintiff's Complaint be **DISMISSED** and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) be **DENIED**. Additionally, Plaintiff's Motion Requesting Summons of Complaint (Doc. 8) is also **DENIED**.

I.     BACKGROUND

As established, Plaintiff is a *pro se* prisoner currently incarcerated at TCI. (*See* Doc. 1-2). Plaintiff brings this suit against the following Defendants: (1) the Ohio Parole Board ("OPB"); (2) ODRC Director Annette Chambers-Smith; (3) Warden Tashawn Eppinger; (4) Program Specialist Jeanette Franklin; (5) Mailroom Staff Olivia Jennings; (6) Corrections Officer Cimmento; as well as OPB Members (7) Kathleen Kovach, (8) Mark Houk, (9) Joe Brumfield, (10) Lance Pressley, (11) Tracey Reveal, (12) Glen Holmes, (13) Jennifer Clemans, (14) Lisa Hoying, (15) Scott Widner, (16) Steve Herron, (17) Tracey Thalheimer, and (18) Alicia Handwerk ("Defendant Members"). (*Id*.).

The following allegations are taken from Plaintiff's Complaint. Defendant OPB and Defendant Members "ordered that Plaintiff be given and [sic] additional 96 months without ever having [] viewed all relevant documents related to [his] case . . ." (*Id*., ¶ 236). These actions "violated Plaintiff's right to [a] meaningful Release Consideration Hearing and led to [P]laintiff being denied parole . . ." (*Id*., ¶ 237). As a result, and in retaliation for Plaintiff making claims about OPB and Defendant Members to "various watchdog organizations[,]" those Defendants "violated Plaintiff's due process right[s]." (*Id*., ¶ 238).

Furthermore, "[d]ue to actions and policies created and/or approved by [Defendants] Chamber-Smith [and Warden Eppinger] [,] [P]laintiff was left at risk . . . to Covid-19, contraband drugs, violence and more retaliation by TCI staff." (*Id*. at ¶ 241, 244). As a result of these failures, Plaintiff contracted Covid-19 in "July or August of 2020." (Doc. 1-3 at ¶ 8). Additionally, multiple times over the past two years, Defendants—specifically Program Specialist Franklin, Mailroom Staff Jennings and Corrections Officer Cimmento—intentionally interfered with Plaintiff's mail. (Doc 1-2 at ¶ 242, 245). This interference impacted the disposition of Plaintiff's Release Consideration Hearings as well as his ability to submit filings in the instant case. (*Id.*).

The Complaint raises § 1983 claims for First Amendment retaliation and 14th Amendment due process for the alleged retaliatory outcome of Plaintiff's Release Consideration Hearings, the unacceptable conditions of his incarceration amidst the Covid-19 pandemic, and the intentional interference with his mail. (*See generally id*.). Plaintiff seeks monetary, declarative, and injunctive relief on these claims. (*Id*).

In a separate Motion, Plaintiff seeks a temporary restraining order and preliminary injunction. (Doc. 2). Plaintiff represents that he has "had his security increased[,] [was] shipped from a level 2 prison to a [level] 3 prison due an erroneous conduct report, [and] is being subject to further mistreatment by prison staff [and inmates]." (*Id*. at 1). "Plaintiff seeks a temporary restraining order and preliminary injunction to ensure that he is (1) transferred immediately from TCI to [London Corrections Institute in London, Ohio], and (2) that his rights are fully protected before and during the inmate transfer process." (*Id*.). Plaintiff's Motion is ripe for review.

II.   **STANDARD**

"District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee . . . as the statute does not differentiate between civil

actions brought by prisoners." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). Accordingly, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer,* 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

### III.  DISCUSSION

#### A. Immunity

As established, the Court must dismiss the complaint, or any portion of it, that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). OPB and Defendant Members are so immune.

Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or its agencies in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *see also Holson v. Good*, 579 F. App'x. 363, 364 (6th Cir. 2014) (noting that the Eleventh Amendment bars "suits brought in federal court against a state and its agencies"). As the Sixth Circuit has explained, the Adult Parole Authority "is undisputedly a state agency, so the Eleventh Amendment indeed bars . . . claims against the Authority." *Holson*, 579 F. App'x. at 364. Because the Ohio Parole Board is a section within the Adult Parole Authority, it too is a state agency immune from relief. *Mockbee v. Scioto Cty. Adult Parole Auth.*, No. 1:17-cv-254, 2017 WL 2222322, at *3 (S.D. Ohio May 22, 2017) (citing O.R.C. § 5149.02).

The Defendant Members are likewise immune from liability under the doctrine of quasi-judicial immunity. *Morrow v. Ingleburger*, 67 F.R.D. 675, 863–64 (S.D. Ohio 1974)("[The protections of the quasi-judicial immunity doctrine have also been extended to parole boards and parole board members."). While that immunity is not absolute, it shields parole board members from liability so long as their actions are not "outside the scope of their jurisdiction, and [] authorized by law." *Id*. at 864. Upon review, the Undersigned concludes that the actions of the Defendant Members were within the scope of their jurisdiction and were authorized by law.

Accordingly, as both OBP and Defendant Members are immune from suit, the Undersigned **RECOMMENDS** they be **DISMISSED** from this case.

**B. Remaining Defendants**

As discussed, Plaintiff brings § 1983 claims for 1st Amendment retaliation and 14th Amendment due process against the remaining Defendants—ODRC Director Annette Chambers-Smith, Warden Tashawn Eppinger, Program Specialist Jeanette Franklin, Mailroom Staff Olivia Jennings, and Corrections Officer Cimmento.

Accepting all well-pleaded factual allegations as true, at this stage of the proceedings Plaintiff will be permitted to proceed with his claims against the remaining Defendants. Notably, however, Plaintiff's Complaint includes far too many factual allegations that are not related to his claims against these Defendants. As these erroneous and irrelevant allegations cloud the disposition of Plaintiff's case, he is **ORDERED** to file an amended complaint, within **twenty-one (21) days** of the date of this Report and Recommendation, that more specifically sets forth factual allegations supporting his claims against the remaining Defendants.

### C. Temporary Restraining Order & Preliminary Injunction

"The standard for addressing a motion for a temporary restraining order is the same as the standard applied to a motion for a preliminary injunction." *Ferron v. Search Cactus, L.L.C.*, No. 2:06-CV-327, 2007 WL 2110497, at *1 (S.D. Ohio July 13, 2007) (citation omitted). More specifically, the Court considers:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*City of Pontiac Retired Employees Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (citation and internal quotation marks omitted). "'While as a general matter, none of these four factors are given controlling weight, a preliminary injunction where there is simply no likelihood of success on the merits must be reversed.'" *Farnsworth v. Nationstar Mortg., LLC*, 569 F. App'x. 421, 425 (6th Cir. 2014) (quoting *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir.

6

1997) ); *see also Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (noting that "a finding that there is simply no likelihood of success on the merits is usually fatal").

The gravamen of Plaintiff's Motion appears to relate to his previous transfer from Chillicothe Corrections Institution ("CCI") to TCI in 2018, as well as TCI's handling of the Covid-19 pandemic. (*See* Doc. 2 at 2 ("Plaintiff fear[s] for his life [as he] has contracted Covid-19 due to the unsanitary conditions at TCI.")). Specifically, he requests that the Court ensure that he is "transferred immediately from TCI and [] that his rights are fully protected before and during the inmate transfer process." (*Id*. at 1).

As a general matter, "'[a] preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent future irreparable harm.'" *Rouse v. Caruso*, No. 06-10961, 2007 WL 909583, at *6 (E.D. Mich. Mar. 23, 2007) (quoting *Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D. N.Y. 1997)); *see also Carter v. Mich. Dep't of Corr.*, No. 12-CV-12621, 2013 WL 5291567, at *6 (E.D. Mich. Sept. 19, 2013). Here, Plaintiff is requesting he be transferred to London Corrections Institution in London, Ohio, after being transferred to TCI from CCI in 2018. (Doc. 2 at 1). However, a temporary restraining order or preliminary injunction, is not the correct vehicle to ameliorate this "past harm." *See Carter*, 2013 WL 5291567, at *5 ("[C]ourts have identified preliminary injunctions . . . which alter the status quo, as particularly disfavored and have given them even closer scrutiny."). Furthermore, Plaintiff has not provided any evidence that he will be subject to an alleged retaliatory transfer in the future. *See Tolliver v. Noble*, No. 2:16-cv-1020, 2019 WL 2559512, at *2 (S.D. Ohio June 21, 2019) (recommending denying plaintiff's motion for a preliminary injunction where he "provide[d] no evidence that his risk of transfer is imminent").

At base, because Plaintiff is seeking this relief to address a past harm rather than any future irreparable harm, he has not shown a likelihood of success on the merits. *See Carter*, 2013 WL 5291567, at *6. And, "[a]lthough nothing in the record suggests that granting [injunctive relief] would cause substantial harm to others, the Court must be mindful of the cautions that apply to issuing an injunction that affects the operation of the prison system . . ." *Id*. Considering these cautions "also shows that the public interest would not be served by issuing the injunction." *Id*.

Accordingly, balancing all the applicable factors, the Undersigned **RECOMMENDS** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) be **DENIED**.

### D. Motion for Summons

Finally, the Undersigned briefly considers Plaintiff's Motion Requesting Summons of Complaint. (Doc. 8). Therein, Plaintiff asks the Court to direct the U.S. Marshalls Service to serve his Complaint on all named Defendants. (*See id*.). This request, however, is premature. Once Plaintiff files his amended complaint in accordance with this Order, only then will summons be issued. Accordingly, Plaintiff's Motion is **DENIED**.

## IV. CONCLUSION

Having preformed the initial screen, pursuant to 28 U.S.C. § 1915A, the Undersigned **RECOMMENDS** Plaintiff be permitted to proceed with his claims against Defendants Chambers-Smith, Eppinger, Franklin, Jennings and Cimmento. Plaintiff is, however, **ORDERED** to file an amended Complaint, within **twenty-one (21) days** of the date of this Report and Recommendation, that more specifically sets forth factual allegations supporting his claims against these Defendants. Furthermore, and for the foregoing reasons, the Undersigned **RECOMMENDS** all remaining Defendants in Plaintiff's Complaint be **DISMISSED** and Plaintiff's Motion for Temporary

Restraining Order and Preliminary Injunction (Doc. 2) be **DENIED**. Additionally, Plaintiff's Motion Requesting Summons of Complaint (Doc. 8) is also **DENIED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: March 31, 2021                    /s/ Kimberly A. Jolson
                                        KIMBERLY A. JOLSON
                                        UNITED STATES MAGISTRATE JUDGE