# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JAMARR R. STONE, SR.,** | |
| Plaintiff, | Case No. 2:21-cv-884 |
| v. | Judge James L. Graham |
| **OHIO PAROLE BOARD,** *et al.,* | Magistrate Judge Kimberly A. Jolson |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court for consideration of the April 1, 2021, Report and Recommendation of Magistrate Judge Jolson. (ECF No. 9.)  Magistrate Judge Jolson conducted an initial screen of Plaintiff's Complaint (ECF No. 1-2) pursuant to 28 U.S.C. § 1915A and also addressed Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2) and his Motion Requesting Summons of Complaint (ECF No. 8).

After preforming an initial screen, Magistrate Judge Jolson recommended that Plaintiff be permitted to proceed with his claims against Defendants Chambers-Smith, Eppinger, Franklin, Jennings and Cimmento, but ordered Plaintiff to file an amended Complaint, within twenty-one (21) days of the date of her Report and Recommendation, that more specifically sets forth factual allegations supporting his claims against these Defendants. Magistrate Judge Jolson further recommended that the following Defendants: Ohio Parole Board (the "OPB") and OPB Members Kathleen Kovach, Mark Houk, Joe Brumfield, Lance Pressley, Tracey Reveal, Glen Holmes, Jennifer Clemans, Lisa Hoying, Scott Widner, Steve Herron, Tracey Thalheimer, and Alicia Handwerk (the "Defendant Members") be dismissed, and that Plaintiff's Motion for Temporary

Restraining Order and Preliminary Injunction (ECF No. 2) and his Motion Requesting Summons of Complaint (ECF No. 8) both be denied.

For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections (ECF No. 17) and **ADOPTS** the Report and Recommendation issued by Magistrate Judge Jolson (ECF No. 9).

## I. STANDARD OF REVIEW

On May 26, 2021, Plaintiff timely filed his objections to Magistrate Judge Jolson's Report and Recommendation.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). As required by 28 U.S.C. § 636(b)(1)(C), the Court will make a *de novo* review of those portions of the Report and Recommendation to which Plaintiff specifically objects.

## II. PLAINTIFF'S OBJECTIONS

Plaintiff, proceeding without the assistance of counsel, objected to the Report and Recommendation arguing that: 1) Magistrate Judge Jolson mistakenly held that Plaintiff intended to bring claims against the OPB as a state entity and 2) that he was permitted to bring claims against the Defendant Members in their individual capacities.

## III. DISCUSSION

Plaintiff's objections are noted, but he overlooks the fact that his objections were filed well after his April 15, 2021 Amended Complaint, which omitted the OPB and the Defendant Members

as defendants in this action. Consequently, the OPB and the Defendant Members were terminated as defendants on April 15, 2021. Plaintiff's objections are therefore moot, and consequently, the Court overrules them.

Even so, to the extent Plaintiff sought to sue the OPB,[1] "[t]he Ohio Parole Board is a section within the Ohio Parole Authority, a state agency." *See Latham v. Bd.,* No. 1:15-CV-488, 2015 U.S. Dist. LEXIS 137207, 2015 WL 5905833, at *3 (S.D. Ohio Sept. 16, 2015), *report and recommendation adopted sub nom. Latham v. Ohio Parole Bd.,* No. 1: 15-CV-488, 2015 U.S. Dist. LEXIS 137128, 2015 WL 5882979 (S.D. Ohio Oct. 7, 2015) (citing Ohio Rev. Code § 5149.02; *Holson v. Good,* 579 F. App'x 366 (6th Cir. 2014) ("The Parole Authority is undisputedly a state agency.") "Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought." *Id.* (citing *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996)); *Pennhurst State School v. Halderman,* 465 U.S. 89, 100 (1984); *Alabama v. Pugh,* 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974)). Furthermore, "Ohio has not waived its sovereign immunity in federal court." *Mixon v. State of Ohio,* 193 F.3d 389, 397 (6th Cir. 1999). Thus, Magistrate Judge Jolson's recommended dismissal of Plaintiff's claims against the OPB pursuant to § 1915(e) was appropriate.

Moreover, though Plaintiff correctly points out that he sued the Defendant Members in their individual capacities, Magistrate Judge Jolson determined that the Defendant Members were

---

[1] In his objections, Plaintiff directs this Court's attention to his Ohio Court of Claims suit against the OPB, *Jamarr R. Stone, Sr. v. Ohio Parole Board,* Case No. 2021-00134AD, where on March 15, 2021, he filed a complaint nearly identical to the original Complaint filed in this case alleging the same deprivation of rights by the OPB and its twelve members. Under Ohio Rev. Code § 2743.02(A)(1), "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee." This waiver extends to federal causes of action. *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities,* 825 F.2d 946, 952 (6th Cir. 1987) (en banc).

immune from liability under the doctrine of quasi-judicial immunity. (ECF No. 9 at 843 discussing *Morrow v. Igleburger,* 67 F.R.D. 675, 683–84 (S.D. Ohio 1974).) The doctrine of quasi-judicial immunity is a personal immunity to which government officials "might be entitled if sued in their individual or personal capacities." *Alkire v. Irving,* 330 F.3d 802, 811 (6th Cir. 2003) (citing *Kentucky v. Graham,* 473 U.S. 159, 167 (1985)). Therefore, Magistrate Judge Jolson correctly determined that the Defendant Members are also immune from suit, whether sued in their individual or official capacities.[2]

## IV. CONCLUSION

Upon *de novo* review, the Court **OVERRULES** Plaintiff's objections (ECF No. 17) and **ADOPTS** the Report and Recommendation (ECF No. 9). Therefore, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2) and his Motion Requesting Summons of Complaint (ECF No. 8) are both **DENIED**.

On October 14, 2021, Plaintiff filed a Motion for Status Review (ECF No. 30) asking the Court to rule on Magistrate Judge Jolson's Report and Recommendation. Having done so now, the Court **DENIES** Plaintiff's Motion for Status Review as moot.

**IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: November 2, 2021

---

[2] The Eleventh Amendment provides immunity for states, arms of the state, and state employees in their official capacities from suits for money damages. *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003).