**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

JAMARR R. STONE,

           **Plaintiff,**

                                   **Civil Action 2:21-cv-884**
    **v.**                              **Judge James L. Graham**
                                   **Magistrate Judge Kimberly A. Jolson**

OHIO PAROLE BOARD, et al.,

           **Defendants.**

<u>**REPORT AND RECOMMENDATION AND ORDER**</u>

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. 43). For the following reasons, it is **RECOMMENDED** that the Motion be **DENIED**. Consistent with the discussion below, the parties are **ORDERED** to meet and confer regarding a plan for limited discovery on the issue of waiver and to submit a joint status report within **twenty-one (21) days** of the date of this Order, setting forth their proposed plan and indicating whether either party believes an evidentiary hearing on the issue is necessary.

**I.      BACKGROUND**

Plaintiff is a *pro se* prisoner currently incarcerated at Madison Correctional Institution. (Doc. 53). At the time he initiated this suit, on March 2, 2021, against eighteen Defendants, he was incarcerated at the Trumbull Correctional Institution. (Doc. 1-2). On an initial screen, the Undersigned recommended that all claims be dismissed except for Plaintiff's 1st Amendment retaliation and 14th Amendment due process claims against five Defendants—Ohio Department of Rehabilitation and Corrections ("ODRC") Director Annette Chambers-Smith, Warden Tashawn Eppinger, Program Specialist Jeanette Franklin, Mailroom Staff Olivia Jennings, and Corrections Officer Cimmento—and ordered that Plaintiff amend his Complaint to more specifically set forth

the factual allegations supporting those claims.  (Doc. 9 at 6).  Plaintiff filed an Amended Complaint (Doc. 12), and the District Judge adopted the recommendation (Doc. 35).

The following allegations are taken from Plaintiff's Amended Complaint.  Plaintiff requested that his security level be lowered in light of the COVID-19 virus, but that request was ignored by Defendant Chambers-Smith due to "retaliation, failure to act, and/or deliberated indifference . . . ."  (Doc. 12, ¶¶ 16–17).  Defendants Chambers-Smith, Eppinger, and Franklin were variously involved in the failure to collect and transmit Staff Hearing Input Letters supporting Plaintiff's parole to the Ohio Parole Board, which deprived Plaintiff of a meaningful parole hearing and violated his due process rights.  (*Id.,* ¶¶ 18–24).  Defendant Franklin also failed to advise members of the Ohio Parole Board of their failure to adhere to ODRC policies.  (*Id.*, ¶ 27).  Defendants Jennings and Cimmento retaliated against Plaintiff in violation of the 1st Amendment by photocopying his legal mail and withholding his "legal disk," respectively.  (*Id.*, ¶¶ 25–26).  Plaintiff seeks monetary and declaratory relief.  (*Id.*, ¶¶ I.A–G).

Plaintiff filed a Motion for Partial Summary Judgment (Doc. 43), which he has supplemented twice (Docs. 51, 55).  Defendants, for their part, filed a cross Motion for Summary Judgment (Doc. 54), to which Plaintiff responded (Doc. 56).  Then, in an eleventh-hour filing, Defendants brought their Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. 58), informing the Court that, concurrent to this litigation, Plaintiff litigated these same claims in the Ohio Court of Claims and Franklin County Court of Common Pleas, presenting issues involving the *Leaman* doctrine and *res judicata*.  Plaintiff has filed his response (Doc. 59), and the several motions are ripe for consideration.

## II.    STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking

summary judgment bears the initial "responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record that demonstrate "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (defining "genuine" as more than "some metaphysical doubt as to the material facts"). Consequently, the central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## III.    DISCUSSION

The late introduction of Plaintiff's state court litigation before the Court impedes resolution of the pending Motions for Summary Judgment. Namely, the questions Defendants raise under the *Leaman* doctrine and *res judicata* present threshold questions about whether the Court may adjudicate Plaintiff's claims. Regarding the *Leaman* doctrine, in the Ohio Court of Claims Act, the state waives its sovereign immunity and consents to be sued in the Court of Claims. *Leaman v. Ohio Dept. of Mental Retardation & Developmental Disabilities*, 825 F.2d 946, 951 (6th Cir. 1987). The Act states:

> "[t]he state hereby waives its immunity from liability … and consents to be sued, and have its liability determined, in the court of claims[.]  [F]iling a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee[.]

3

O.R.C. § 2743.02.  This waiver of the State's immunity creates a *quid pro quo* arrangement in which the plaintiff agrees to waive his claims in other courts in consideration for receiving a solvent Defendant in state court.  *Leaman*, 825 F.2d at 954 (quotations omitted).  This waiver of federal claims is effective upon the plaintiff's filing of the claim in the Ohio Court of Claims. O.R.C. § 2743.02.

Importantly, a waiver must be "knowing, intelligent, and voluntary."  *Id.* at 956.  Where a plaintiff is represented by counsel, such waiver is presumed.  *Id.*  But where a plaintiff is proceeding *pro se*, there is no presumptive waiver.  *Kajfasz v. Haviland*, 55 F. App'x. 719, 722 (6th Cir. 2003).  In that instance, the court must then make a factual finding that the waiver of federal claims was knowingly, intelligently, and voluntarily made.  *Id.*

It is undisputed that Plaintiff brought his claims before the Ohio Court of Claims on March 15, 2021 (Doc. 58-1), and that such court issued its decision on August 31, 2021 (Doc. 58-2). Thus, waiver of Plaintiff's federal claims would have occurred on March 15, 2021, so long as his waiver was knowing, intelligent, and voluntary.  As it stands, the facts underlying the nature of Plaintiff's potential waiver have been underdeveloped by the parties.  (*See, e.g.,* Doc. 58 at 7–9; Doc. 59 at 11–13).  While there are strong indications that Plaintiff "received at least some advice from counsel regarding his dissatisfaction with his parole hearings, hence his attempt to recoup his costs for retaining counsel[,]" it is unclear to what extent counsel advised him of the potential consequences of engaging in litigation before the Ohio Court of Claims.  (Doc. 58 at 8).  Plaintiff, for his part, maintains that he was not presented with the issue of waiver until Defendants moved for dismissal.  (Doc. 59 at 12).  Notably, Defendants did not file a reply to address his contention.

Certainly, it would be improper to grant Plaintiff summary judgment while threshold questions exist regarding waiver of his claims in this forum and the preclusive effect of state

litigation.  This is a genuine dispute of material fact, and Plaintiff cannot therefore carry his burden to show he is entitled to summary judgment.

## IV.     CONCLUSION

Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's Motion for Partial Summary Judgment (Doc. 43) be **DENIED**.  The Undersigned holds in abeyance any recommendation on the remaining motions (Docs. 54, 58) pending further factual development by the parties.  The parties are **ORDERED** to meet and confer regarding a plan for limited discovery on the issue of waiver, and to submit a joint status report within **twenty-one (21) days** of the date of this Order, setting forth their proposed plan and indicating whether either party believes an evidentiary hearing on the issue is necessary.  If Plaintiff's claims survive the pending motions (Docs. 54, 58), he will be given an opportunity to file another dispositive motion.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made.  Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      IT IS SO ORDERED.


Date: July 27, 2022                        s/ Kimberly A. Jolson
                                        KIMBERLY A. JOLSON
                                        UNITED STATES MAGISTRATE JUDGE