IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JAMARR R. STONE, SR.,** | |
| Plaintiff, | Case No. 2:21-cv-884 |
| v. | Judge James L. Graham |
| **OHIO PAROLE BOARD,** *et al.,* | Magistrate Judge Kimberly A. Jolson |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court for consideration of the July 27, 2022, Report and Recommendation of Magistrate Judge Jolson (ECF No. 62) and Plaintiff's objection to the Report and Recommendation (ECF No. 63). Magistrate Judge Jolson recommended that Plaintiff's Motion for Partial Summary Judgment (ECF No. 43) be denied and ordered that the parties meet and confer regarding a plan for limited discovery on the issue of waiver and submit a joint status report setting forth their proposed plan and whether either party believes an evidentiary hearing on the issue is necessary.

For the reasons set forth below, the Court **OVERRULES** Plaintiff's objection (ECF No. 63) and **ADOPTS** the Report and Recommendation issued by Magistrate Judge Jolson (ECF No. 62).

**I. BACKGROUND**

On March 2, 2021, Plaintiff, then an inmate at the Trumbull Correctional Institution,[1] and proceeding without the assistance of counsel, filed suit against eighteen Defendants. Following Magistrate Judge Jolson's initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A,

---

[1] Plaintiff is now incarcerated at the Madison Correctional Institution. (ECF No. 53.)

1

the Court adopted her recommendation that all of Plaintiff's claims be dismissed except for his First Amendment retaliation and Fourteenth Amendment due process claims brought pursuant to 42 U.S.C. § 1983 against the five remaining Defendants. (ECF No. 35.)

On March 15, 2021, Plaintiff brought claims against the Ohio Parole Board ("OPB") and its twelve members before the Ohio Court of Claims, Case No. 2021-00134 AD. (ECF No. 58-1.) There, Plaintiff claimed he was deprived of the right to meaningful consideration during his parole hearing, and the Ohio Court of Claims opined that Plaintiff "appears to raise claims of due process violations" and violations of prison regulations. (ECF No. 58-2 at 1946–47.) On August 31, 2021, the Ohio Court of Claims dismissed Plaintiff's case on jurisdictional grounds. (ECF No. 58-2.)

On April 15, 2021, Plaintiff filed his Amended Complaint against the five remaining Defendants in the instant case: Annette Chambers-Smith, Corrections Officer Cimmento, Tashawn Eppinger, Jeanette Franklin, Olivia Jennings. (Am. Compl., ECF No. 12.) Plaintiff's Amended Complaint alleges that Plaintiff requested that his security level be lowered in light of the COVID-19 virus, but his request was ignored by Defendant Chambers-Smith due to "retaliation, failure to act, and/or deliberated indifference . . . ." (*Id.* ¶¶ 16–17). Defendants Chambers-Smith, Eppinger, and Franklin were variously involved in the failure to collect and transmit Staff Hearing Input Letters supporting Plaintiff's parole to the Ohio Parole Board, which deprived Plaintiff of a meaningful parole hearing and violated his due process rights. (*Id.* ¶¶ 18–24). Defendant Franklin also failed to advise members of the Ohio Parole Board of their failure to adhere to Ohio Department of Rehabilitation and Corrections ("ODRC") policies. (*Id.* ¶ 27.) Defendants Jennings and Cimmento retaliated against Plaintiff in violation of the First Amendment by photocopying his legal mail and withholding his "legal disk," respectively. (*Id.* ¶¶ 25–26.) Plaintiff seeks monetary and declaratory relief for the alleged harm. (*Id.* ¶¶ I.A–G.)

On May 12, 2021, Plaintiff also filed suit in the Franklin County Court of Common Pleas, Case No. 21-CV-3074, seeking a declaratory judgment that the "Ohio Parole Board denied [him] meaningful consideration for parole." (ECF No. 58-3.) Plaintiff also sought monetary damages. (*Id.*) On May 19, 2022, the Franklin County Court of Common Pleas granted the OPB's motion for summary judgment finding that Plaintiff's declaratory judgment claims were not justiciable issues, and that the court did not have jurisdiction over Plaintiff's claims for monetary relief against the State of Ohio for money damages. (ECF No. 58-4.)

On February 28, 2022, Plaintiff filed his Motion for Partial Summary Judgment (ECF No. 43) in the case at bar, which he has supplemented twice (ECF Nos. 51 and 55).

On April 22, 2022, Defendants filed their Motion for Summary Judgment (ECF No. 54), and Plaintiff filed his response (ECF No. 56.)

On May 20, 2022, Defendants filed their Motion to Dismiss for Lack of Subject-Matter Jurisdiction (ECF No. 58), arguing that based on Plaintiff's filings in both the Ohio Court of Claims and the Franklin County Court of Common Pleas, the *Leaman* doctrine[2] and *res judicata* bar Plaintiff's claims here.

On June 8, 2022, Plaintiff filed his response.

Plaintiff's Motion for Partial Summary Judgment, Defendants' Motion for Summary Judgment, and Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction are all ripe for adjudication.

Magistrate Judge Jolson determined that it would be improper to grant Plaintiff summary judgment while threshold questions exist regarding waiver of his claims in this forum and the

---

[2] *Leaman v. Ohio Dep't of Mental Retardation & Developmental Disabilities,* 825 F.2d 946 (6th Cir. 1987).

preclusive effect of state litigation. Magistrate Judge Jolson therefore concluded that Plaintiff cannot carry his burden to show he is entitled to summary judgment, as the issues of the *Leaman* doctrine and *res judicata* are genuine disputes of material fact, and that the facts underlying the nature of Plaintiff's potential waiver have been underdeveloped by the parties. As such, Magistrate Judge Jolson ordered the parties to meet and confer regarding a plan for limited discovery on the issue of waiver and to submit a joint status report setting forth their proposed plan and indicating whether either party believes an evidentiary hearing on the issue is necessary. Magistrate Judge Jolson also stated that she is holding in abeyance any recommendation on the remaining motions (ECF Nos. 54 and 58) pending further factual development by the parties.

Magistrate Judge Jolson also indicated that should Plaintiff's claims survive the pending motions, he will be given another opportunity to file another dispositive motion.

## II. STANDARD OF REVIEW

On August 2, 2022, Plaintiff timely filed his objection to Magistrate Judge Jolson's Report and Recommendation.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). As required by 28 U.S.C. § 636(b)(1)(C), the Court will make a *de novo* review of those portions of the Report and Recommendation to which Plaintiff specifically objects.

## III. PLAINTIFF'S OBJECTION

Plaintiff objected to the Report and Recommendation on the basis that "Plaintiff agrees with Magistrate Jolson of there are many issues that which seem better suited for a trial by jury in this case, Plaintiff holds firms to his prior stance as to his unknowingness of the waiver and the law surrounding such." (ECF No. 63 at 2014.)  Plaintiff then requested the evidentiary hearing Magistrate Judge Jolson referenced in her Report and Recommendation concerning the issue of waiver. (*Id.*)

IV. **DISCUSSION**

Plaintiff's objection is noted, but it is not responsive to Magistrate Judge Jolson's recommendation that his Motion for Partial Summary Judgment be denied other than Plaintiff agreeing that there are jury issues remaining in this case.  Plaintiff's objection instead focuses on the issue of waiver, which Defendants raised in their Motion to Dismiss for Lack of Subject-Matter Jurisdiction (ECF No. 58) and also on Magistrate Judge Jolson's order that the parties indicate via their joint status report whether either party believes an evidentiary hearing on the issue is necessary.  The Court further notes that Magistrate Judge Jolson is holding in abeyance any recommendation on the issue of waiver pending further factual development by the parties.

As the Court is only required to make a *de novo* review of those portions of the Report and Recommendation to which Plaintiff specifically objects, and Plaintiff did not object to Magistrate Judge Jolson's recommendation that his Motion for Partial Summary Judgment be denied, the Court adopts her Report and Recommendation and denies Plaintiff's motion (ECF No. 43).

Furthermore, the Court agrees with Magistrate Judge Jolson's Report and Recommendation and finds that at this juncture, Plaintiff cannot carry his burden to show he is entitled to summary judgment while threshold questions exist regarding waiver of his claims in this forum and the preclusive effect of state litigation.

V. **CONCLUSION**

Upon *de novo* review, the Court **OVERRULES** Plaintiff's objection (ECF No. 63) and **ADOPTS** the Report and Recommendation (ECF No. 62). Plaintiff's Motion for Partial Summary Judgment (ECF No. 43) is therefore **DENIED**.

**IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: August 17, 2022